IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:08-CV-00555-FL

FILED
IN OPEN COURT
JUL 2 6 2010

DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

William Sanders, Dolores Lopez Ortiz, )
Delfina Rodriguez, and Elvia Ayala, )
individually and on behalf of themselves )
and all others similarly situated, )
)
Plaintiffs )
) **ORDER**
v. )
)
)
Gladiator, Inc., Federal Covers & Textiles, )
Inc., Joseph Tomlinson, Kathryn Tomlinson,)
and Andrew Tomlinson, )
)
Defendants )
)

This matter comes before the Court on the parties' Joint Motion for Final Approval of Class Settlement ("Joint Motion"). The Parties have jointly requested the Court to approve the Settlement Agreement ("Agreement") (attached as Exhibit 1 to the Joint Memorandum in Support of Joint Motion for Final Approval of Class Action Settlement), and have mutually agreed to the entry of this Order granting final approval of the settlement.

Having reviewed the Joint Motion, Joint Memorandum in support thereof, and the Settlement Agreement, along with the files and records of this case, the Court now FINDS, CONCLUDES, DECREES and ORDERS as follows:

(1) This Court has jurisdiction over the subject matter of the litigation and over all parties to this litigation, including all members of the certified class.

(3) Counsel for the Plaintiffs have adequately represented Plaintiff class members to date.

(4) Plaintiff class members have been provided proper and adequate notice of the terms of this Settlement Agreement, as well as the applicable dates and procedure by which to submit any objections, whether by mail, fax and/or in person. No such objections to the terms of the Settlement Agreement, nor the Settlement Agreement's final approval by this Court, have been received from any Plaintiff class member.

(5) Having reviewed the factors enumerated in Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978), the Court finds that the award of $4,000 for attorneys' fees and $1,500 in costs is reasonable. In particular, the Court notes that Plaintiffs' counsel has expended over 500 hours in litigating this matter, and that counsel has nevertheless agreed to fees and costs totaling only approximately 18 percent of the total settlement amount because of the Defendants' financial situation.

(6) The terms of the Settlement are hereby approved. After granting preliminary approval of the Settlement on October 30, 2009 and holding a Fairness Hearing on July 26, 2010, the Court finds that the Settlement is fair and adequate and a reasonable and equitable compromise of the claims in this case; that the Settlement is the result of extensive, arms-length bargaining between the parties, after Plaintiffs' Counsel had investigated the class claims and became familiar with the strengths and weaknesses of the case; that the Settlement is in the best interest of the named Plaintiffs and of the class they have been certified to represent; and that the Settlement falls within the range of reasonableness and of final approval.

SO ORDERED, this the 26TH day of July, 2010.

LOUISE W. FLANAGAN
Chief United States District Court Judge